UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC PACE,

    Plaintiff,

vs.                                          Case No. 8:05-CV-1221-T-27EAJ

CITY OF PALMETTO, a municipal
Corporation, and OFFICER KRISTOPHER
S. AHLER, individually and in his official
capacity,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendant Kristopher Ahler's Dispositive Motion to Dismiss Counts II and IV of the Complaint or, in the alternative, Motion for Summary Judgment (Dkt. 18), and Plaintiff's Memorandum of Law in Opposition (Dkt. 19). Upon consideration, Defendant's motion to dismiss is **DENIED**. The Court defers ruling on Defendant's motion for summary judgment for a thirty (30) day period to allow the parties to present any relevant evidence and argument in support of or in opposition to the motion for summary judgment. *See* Fed. R. Civ. P. 12(b) and 56, *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990).

Plaintiff initiated this lawsuit against Kristopher Ahler alleging in Count II of the Complaint that Ahler used unreasonable force in violation of 42 U.S.C. § 1983 when Ahler, a city police officer, and his K-9 unit, Brix, apprehended and arrested Plaintiff. In Count IV of the Complaint, Plaintiff alleges that in the course of his arrest, Ahler committed an assault and battery on Plaintiff. (Dkt. 2). Ahler moves to dismiss both counts. Ahler seeks dismissal of Plaintiff's §1983 claim, arguing

1

Plaintiff fails to meet the heightened pleading requirement, or in the alternative, that the claim fails because Ahler is entitled to qualified immunity. Ahler moves for dismissal of Plaintiff's assault and battery claim, arguing he is statutorily immune from liability.

## **Applicable Standard**

In accordance with Fed.R.Civ.P. 8 a court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted). Under Rule 8, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

However, where as here, the plaintiff alleges defendant acted with indifference to his constitutional rights in violation of § 1983, the Eleventh Circuit "has tightened the liberal pleading requirements of Fed.R.Civ.P. 8 in an effort to weed out nonmeritorious claims." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998). As a result, when pleading a § 1983 claim, a plaintiff is required to "allege with some specificity the facts which make out [his or her] claim." *Id.* "[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).[1]

---

[1] The constitutionality of the Eleventh Circuit's heightened pleading standard has been called into question. *See e.g.*, *Helton v. Hawkins*, 12 F. Supp. 2d 1276, 1280-81 (M.D. Ala. 1998). In other contexts, the Supreme Court has rejected the application of a heightened pleading requirement as improper. *See Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 996 (2002) (holding employment discrimination lawsuit under Title VII need only meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) because such cases are not enumerated in Fed. R. Civ. P. 9(b) and therefore, are not subject to heightened scrutiny); *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, et al.*, 113 S.Ct. 1160, 1161 (1993) (rejecting heightened pleading requirement in § 1983 claim against a municipality; explaining that a heightened pleading requirement "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation").

Nonetheless, the Eleventh Circuit continues to apply a heightened pleading standard in cases such as this one, where the defendant is entitled to raise the defense of qualified immunity at the earliest stages of the proceeding. *See e.g.*, *Dalrymple v. Reno*, 334 F.3d 991, 994-995 (11th Cir. 2003). For the reasons discussed below, Plaintiff's allegations provide more than "mere conclusory notice" and in turn, Plaintiff sufficiently states a claim under § 1983, even under a heightened pleading requirement.

2

## Discussion

### Section 1983 Claim Against Ahler in his Individual Capacity[2]

**Heightened Pleading Requirement**

To sustain a § 1983 cause of action, a plaintiff must establish two elements: (1) that he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *Wideman v. Shallowford Community Hospital*, 826 F.2d 1030, 1032 (11th Cir. 1987). Ahler contends Plaintiff's § 1983 claim for excessive force fails to meet the heightened pleading requirement imposed by *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.1359, 1367 (1998).

In the Complaint, Plaintiff alleges that on or about January 23, 2003, Ahler, a city police officer, and his K-9 unit, Brix, were searching for Plaintiff, who was hiding in a grove of mangroves or swampy area. (Dkt. 2, ¶ 9). Plaintiff alleges Ahler failed to give proper instructions to and maintain control of Brix during the location, apprehension and arrest of Plaintiff. (Dkt. 2, ¶ 12-13). According to Plaintiff, Brix was instructed by Ahler to locate Plaintiff and in doing so, he bit Plaintiff on his face, head, shoulders and arms resulting in severe and disfiguring facial injuries. (Dkt. 2, ¶ 10). Plaintiff alleges that after being attacked by Brix, Ahler failed to instruct Brix to release Plaintiff as to avoid serious injury. (Dkt. 2, ¶ 15). Plaintiff alleges that Ahler's use of force was clearly excessive and objectively unreasonable and unnecessary under the circumstances. (Dkt. 2, ¶ 22).

---

[2] Plaintiff has withdrawn his claim against Ahler in his official capacity. (Dkt. 24, p. 19).

3

These allegations, even under a heightened pleading standard, sufficiently set forth Plaintiff's claim against Ahler. Plaintiff has alleged the relevant facts with "some specificity." *See Gonazalez*, 325 F.3d at 1235. These allegations provide more than "mere conclusory notice" of Plaintiff's claim for excessive force in violation of § 1983. Simply put, Plaintiff's allegations adequately put Ahler on notice of the nature of Plaintiff's claim and include the facts, including the time, date, location and circumstances surrounding the alleged constitutional violation. Accordingly, dismissal for failure to adequately set forth his § 1983 claim is not appropriate.

## Qualified Immunity

Ahler contends he is immune from liability because he enjoys the protection of qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed. 266 (2002)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Id.* (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)).

"Because qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,' questions of qualified immunity must be resolved 'at the earliest possible stage in litigation.'" *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (per curiam)). It is appropriate to apply the defense of qualified immunity at the motion to dismiss stage if the complaint "fails to allege the violation of a clearly established constitutional

right." *Id.* (citations omitted).

To determine the propriety of qualified immunity, the government official's conduct is evaluated under an "objective legal reasonableness" standard. *Koch v. Rugg*, 221 F.3d 1283, 1295 (11th Cir. 2000) (citations omitted). The official's subjective intent is irrelevant to the inquiry. *Id.* The Supreme Court has established a two-part test to determine the applicability of qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). First, the Court must determine whether the Plaintiff has alleged the deprivation of a constitutional right. *Id.* The second step in the analysis is to determine whether Plaintiff's right was clearly established at the time the alleged violation occurred. *Id.*

A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). In *Hope*, the Supreme Court articulated the standard for determining whether the law is "clearly established":

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; [ ] but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Hope*, 536 U.S. at 739 (citations and quotations omitted).[3]

It is undisputed that Ahler was acting within the scope of his discretionary authority when he apprehended and arrested Plaintiff. Plaintiff alleges that Ahler used excessive force, therefore, he has alleged the deprivation of a constitutionally protected right, namely the right to be free from

---

[3] In this Circuit, the law may be clearly established for qualified immunity purposes only by opinions from the United States Supreme Court, the Eleventh Circuit Court of Appeal, or the highest court of the state in whose law is at issue. *Hamilton v. Cannon*, 80 F.3d 1525, 1531-31 n.7 (11th Cir. 1996).

5

unreasonable searches and seizures under the Fourth Amendment, which includes the right to be free from excessive force. *See Mercado v. City of Orlando*, 407 F.3d 1152, 1156-57 (11th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). Accordingly, the only issue is whether that right was clearly established in light of the facts alleged in the Amended Complaint.

Determining whether the force used was reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake. *Tennessee v. Garner*, 471 U.S. 1, 8 (1985); *Crosby v. Paulk*, 187 F.3d 1339, 1351 (11th Cir.1999). Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 41 U.S. 520, 559 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight."*Graham*, 490 U.S. at 396. Therefore, "[u]se of force must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir.1993) (quoting *Graham* 490 U.S. at 396).

Drawing all reasonable inferences from the facts in Plaintiff's favor, which this Court must do at this stage of the proceedings, Ahler failed to maintain control of Brix during the location and apprehension of Plaintiff which unnecessarily resulted in "severe and disfiguring facial injuries." (Dkt. 2, ¶¶ 9-15). As this Court must examine *only* the facts alleged in the Complaint, it cannot assume that Plaintiff committed a crime or was thought to be a safety risk to Ahler or others. Based upon the facts alleged in the Complaint, a reasonable officer in Ahler's position would have known

that failing to maintain control of Brix or failing to instruct him properly as to avoid unnecessary severe and disfiguring facial injury would be in violation of the Fourth Amendment. *See Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000) (officer not entitled to qualified immunity where plaintiff did not pose a threat of bodily injury to officer and was not attempting to fee or resist arrest).[4] Ahler, therefore, is not entitled to dismissal based on qualified immunity at the motion to dismiss stage. However, Ahler is entitled to resolution of the qualified immunity defense at the earliest stage possible. *See Hunter v. Byrant*, 112 S.Ct. 534, 536 (1991). The qualified immunity defense in this instance is better resolved upon motion for summary judgment. Accordingly, this Court will defer ruling on Ahler's alternative motion for summary judgment for thirty (30) days to provide the parties an opportunity to present any relevant evidence and argument in support of or in opposition to the motion for summary judgment. *See* Fed. R. Civ. P. 12(b) and 56, *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990).

**Assault and Battery Claim Against Ahler**

Ahler contends that he is statutorily immune from suit pursuant to § 768.28(9)(a), Florida Statutes. In relevant part, § 768.28(9)(a) provides:

> [n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

---

[4] While not alleged in the Complaint, it appears that Plaintiff concedes that he was attempting to flee arrest. (Dkt. 24, p. 13). Nonetheless, whether Ahler used unreasonable force is determined only after the Court considers the severity of the crime at issue and whether the suspect posed an immediate threat to the safety of Ahler or others. Based on the allegations of the Complaint, the Court cannot conclusively make this determination. Accordingly, the defense of qualified immunity is better resolved after *both* parties have been given the opportunity to develop the record.

§ 768.28(9)(a), *Fla. Stat.*

Plaintiff has sufficiently alleged that Ahler acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." (Dkt. 2, ¶ 33). Accordingly, at this stage of the proceeding, dismissal is not appropriate. This issue is better resolved upon Ahler's motion for summary judgment. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's dispositive motion to dismiss (Dkt. 18) is **DENIED**. This Court will defer ruling on Ahler's alternative motion for summary judgment for thirty (30) days from the date of this order to provide the parties an opportunity to present any relevant evidence and argument in support of or in opposition to the motion for summary judgment. *See* Fed. R. Civ. P. 12(b) and 56, *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990).

**DONE AND ORDERED** in chambers this 1st day of September, 2006.

*James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

8