## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERIC PACE**,

    Plaintiff,

v.                                                **Case No. 8:05-CV-1221-T-27EAJ**

**CITY OF PALMETTO and OFFICER**
**KRISTOPHER S. AHLER**,

    Defendants.
_____  /

## ORDER

Before the court are Plaintiff's **Motion for Additional Time to Complete Deposition** (Dkt. 56), Defendant Ahler's **Memorandum in Opposition** (Dkt. 57), and Defendant City of Palmetto's **Joinder in and Adoption of Defendant Ahler's Memorandum in Opposition** (Dkt. 58).

This is a Section 1983 case arising from injuries Plaintiff allegedly suffered when he was apprehended by Defendant Ahler and a K-9 dog. Plaintiff states he deposed Defendant Ahler for 3 hours and 33 minutes on June 5, 2006 (Dkt. 56 at 3).[1] Since then, Defendant City of Palmetto has produced relevant training records and incident reports that, according to Plaintiff, fill four banker's boxes (Id. at 2). Plaintiff asserts that Defendant Ahler is the author of the records and the best person to discuss them. Plaintiff also alleges that the June 5, 2006 deposition was prolonged because Defendant Ahler read each document completely before answering any question on it (Id. at 3).

---

[1] This fact is in dispute, however: Defendant Ahler states he was deposed for 3 hours and 43 minutes (Dkt. 57 at 1). The undersigned makes no determination as to exactly how long the June 5, 2006 deposition lasted. The parties are encouraged to consult the deposition transcript for guidance.

Plaintiff seeks two additional hours to depose Defendant Ahler. Defendant Ahler agrees to an unspecified additional amount of time only if, at the end of seven hours, questioning is not complete despite Plaintiff's diligent efforts to conclude the deposition (Dkt. 57 at 4).

Pursuant to Fed. R. Civ. P. 30(d)(2), in the absence of an agreement or a court order, Plaintiff is limited to approximately 3.5 hours of unused time from the June 5 deposition. Rule 30(d)(2) states:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination.

Fed. R. Civ. P. 30(d)(2).

The Advisory Committee Notes to the rule provide that the party seeking to extend an examination is expected to show good cause to justify the extension. Rule 30, Fed. R. Civ. P., Advisory Committee Note.

To support its position, Plaintiff cites Dunkin' Donuts Incorporated v. Mary's Donuts, Inc., 206 F.R.D. 518 (S.D. Fla. 2002). In that case, the court allowed plaintiff to depose defendant's accountant and corporate representative for an additional seven hours because the case was complex (it involved a franchisee's under-reporting of seven years of sales to the franchisor), 10,000 pages of documents were produced, and the accountant was the best person to answer questions on the documents. Id. at 522.

As Defendant Ahler notes, this case is far removed from Dunkin' Donuts, which involved the deposition of a corporate representative and seven years of financial records. Nevertheless, Plaintiff's argument for additional time has merit. The Advisory Committee Notes to Rule 30(d)(2) provide:

>   Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court should consider that a reason for extending the time limit. If the examination reveals that the documents have been requested but not produced, that may justify further examination once production has occurred.

Rule 30, Fed. R. Civ. P., Advisory Committee Note.[2]

Defendant Ahler concedes that Plaintiff did not have all of the relevant documents during the first deposition (Dkt. 57 at 4). Therefore, Plaintiff has demonstrated good cause under Fed. R. Civ. P. 30(d)(2) for extending the deposition beyond seven hours.

Upon consideration, it is **ORDERED**:

(1) Plaintiff's **Motion for Additional Time to Complete Deposition** (Dkt. 56) is **GRANTED** to the extent that Plaintiff is permitted one additional hour of deposition time (for a total of 8 hours), on the condition that, in advance of the deposition, Plaintiff provides Defendant Ahler with a copy of documents that Plaintiff plans to use.

**DONE** and **ORDERED** in Tampa, Florida on this 13th day of February, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] Plaintiff does not state whether he provided Defendant Ahler with a copy of the documents in advance of the first deposition.

3