UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC PACE,

    Plaintiff,

vs.                                                         Case No. 8:05-CV-1221-T-27EAJ

CITY OF PALMETTO and OFFICER
KRISTOPHER S. AHLER, individually and
in his official capacity,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant City of Palmetto's Motion for Summary Judgment (Dkt. 84) and Plaintiff's Response (Dkt. 84). Upon consideration, the City of Palmetto's motion is **GRANTED**.

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and

admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24.

In Count I of the Complaint, Plaintiff alleges that the City violated 42 U.S.C. § 1983 by failing to properly train and supervise Officer Kristopher Ahler and his K-9 unit, Brix. A municipality may be held liable under § 1983 if the plaintiff shows that a "custom" or "policy" of the municipality was the "moving force" behind the constitutional deprivation. *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Monell v. Department of Social Svcs. of the City of New York*, 463 U.S. 658 (1978)). "The Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). These "limited circumstances" occur only when the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Id.*

An inquiry into a municipality's custom or policy is relevant *only* when a constitutional deprivation has occurred. *See Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir.), *cert. denied*, 510 U.S. 1024 (1993). This Court has determined that Ahler's actions in connection with Plaintiff's arrest, including his use of Brix, did not give rise to a violation of Plaintiff's Fourth Amendment rights. (Dkt. 82, p. 13). This Court alternatively held that even if Ahler's actions constituted excessive force in violation of the Fourth Amendment, Ahler is immune from suit because Plaintiff's right in this regard was not "clearly established" for purposes of qualified immunity. (Dkt. 82, pp. 14-15). Since Ahler's conduct did not cause Plaintiff to suffer a constitutional deprivation, the City cannot be held liable under § 1983 for inadequate training or

supervision of Ahler, as a City employee. *See Rooney v. Watson,* 101 F.3d 1378, 1381 (11th Cir. 1996) (municipality may be held liable under § 1983 for its custom or policy only after determining that plaintiff has suffered a constitutional deprivation as a result of the municipal employee's conduct).

Accordingly, it is

**ORDERED AND ADJUDGED** that the City of Palmetto's Motion for Summary Judgment (Dkt. 84) is **GRANTED**. The Clerk is directed to enter judgment in favor of the City of Palmetto and against Eric Pace. The Clerk shall close this case and deny any pending motions as moot.

**DONE AND ORDERED** in chambers this 11th day of July, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

3